[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14444

_____

D.C. Docket No. 3:12-cr-00010-LC-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN G. CHARLTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 14, 2014)

Before WILSON, Circuit Judge, and BUCKLEW,[*] and LAZZARA,[**] District
Judges.

PER CURIAM:

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.
[**] Honorable Richard A. Lazzara, United States District Judge for the Middle District of
Florida, sitting by designation.

Warren Charlton appeals his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846.  On appeal, Charlton argues that the district court abused its discretion in denying his motion for a mistrial because of a reference by the prosecutor during closing argument to an evidentiary objection by defense counsel causing a violation of his Sixth Amendment right to counsel and his Fifth Amendment due process right to a fair trial.

After thorough review of the briefs and the record on appeal, and after the benefit of oral argument, we find that the district court did not abuse its discretion in denying the motion for a mistrial because any constitutional error in this case was harmless beyond a reasonable doubt.  *See Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967).  Based on the testimony of the government's witnesses, phone recordings, and photographic evidence, the evidence of Charlton's guilt was overwhelming.

Moreover, because Charlton chose to testify, the jury was entitled to disbelieve him and consider his testimony as substantive evidence of his guilt.  *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).   And because corroborative evidence of Charlton's guilt existed in the form of testimony, photographs, and recorded telephone calls, Charlton's testimony, denying his guilt, was sufficient by itself to establish the elements of the offense.  *Id.* at 314–15

2

(holding that, where some corroborative evidence of guilt exists for the charged offense and the defendant testifies and denies guilt, that testimony, by itself, may establish elements of the offense).  This rule applies with special force here because Charlton was charged with an offense that involved intent to distribute. *See id.* at 315 (holding that this rule applies with special force where the elements to be proved are highly subjective, such as intent or knowledge).  Thus, the evidence overwhelmingly showed that a conspiracy to possess with intent to distribute cocaine existed, that Charlton knew of the conspiracy, and that Charlton voluntarily joined the conspiracy.  *See* 21 U.S.C. §§ 841(a)(1) and 846; *United States v. Iglesias*, 915 F.2d 1524, 1527 (11th Cir. 1990).  Finally, the court instructed the jury that the attorneys' statements were not evidence, and we presume that the jury followed this instruction.  *See United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).  Accordingly, we affirm.

**AFFIRMED.**

3